WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Penni Minor,<br><br>  Plaintiff,<br><br>v.<br><br>Muhammad A. Subhan, M.D.; et al.,<br><br>  Defendants. | No. CV-11-08111-PCT-JAT<br><br>**ORDER** |

Pending before the Court is defendants Muhammad A. Subhan, M.D., Barbara Harris-Feshami, M.D., and Kingman Hospital, Inc. d/b/a Kingman Regional Medical Center's (collectively, the "Defendants") Motion to Change Location of Trial (Doc. 107) filed on January 14, 2014. Defendants have requested oral argument on their motion. Plaintiff Penni Minor has not yet filed a Response.

Invoking the change of venue statute which governs the Court, 26 U.S.C. § 1404, Defendants request that, in the event this case goes to trial, trial be held "in the division of the U.S. District Court for the District of Arizona located nearest Kingman, Arizona" (Doc. 107 at 1–2) instead of in Phoenix, Arizona. Defendants acknowledge that "[t]his statute gives the trial court discretion on where best to hold the final trial hearing, taking into consideration the convenience of the parties and witnesses." (*Id.* at 2). Here, Defendants fleetingly argue that holding the trial outside of Kingman, Arizona, would be inconvenient for Defendants, their attorneys, and unspecified lay witnesses. (*Id.* at 2–3). Defendants' motion, however, fails to offer any specificity on what the Court should do

1 to remedy the alleged inconvenience.

2 This case was filed in the Prescott division of the District of Arizona. Normally, cases filed in the Prescott division are tried in Prescott, Arizona. Indeed, Prescott hosts the U.S. Federal Courthouse closest to Kingman, Arizona. However, the Prescott Federal Courthouse is currently unavailable because it has been deemed uninhabitable by the U.S. General Services Administration. Moreover, because of numerous problems with the courtroom within the Prescott Federal Courthouse, it has become the practice of the Court to try Prescott division cases in Phoenix. Although Defendants' counsel makes reference to the inconvenience that would be suffered by himself, his clients, and unspecified lay witnesses if the trial were to be held outside of Kingman, his motion fails to consider the costs and inefficiencies that would be imposed on Plaintiff, opposing counsel, non-Kingman-based lay witnesses, the Court, its staff, and the jurors in traveling to a distant location, incurring hotel and travel costs, and other concomitant inefficiencies associated with holding a federal civil trial outside of a United States Courthouse.

Moreover, Defendants' motion ignores the practical fact that Prescott is an approximately 150 mile drive from Kingman[1] while Phoenix is an approximately 190 mile drive.[2] Thus, even if the trial could be held in the U.S. Federal Courthouse in Prescott, Defendants, their counsel, and unspecified Kingman-based lay witnesses would incur substantially the same expenses and inconvenience travelling to Prescott as Phoenix. Whatever merits may lay in Defendants favor, there is no practical remedy available to the Court.

Additionally, in their Motion, Defendants attempt to justify their request by alluding to potential difficulty in compelling Kingman-based lay witnesses to appear on

---

[1] Driving Directions from Kingman to Prescott, AZ, Google Maps, http://maps.google.com (follow "Get Directions" hyperlink; then search "A" for "Kingman, AZ" and search "B" for "Prescott, AZ"; then follow "Get Directions" hyperlink).

[2] Driving Directions from Kingman to Phoenix, AZ, Google Maps, http://maps.google.com (follow "Get Directions" hyperlink; then search "A" for "Kingman, AZ" and search "B" for "Phoenix, AZ"; then follow "Get Directions" hyperlink).

1  behalf of Defendants. (Doc. 107 at 2–3 ("These witnesses are beyond the reach of
2  process of the Court, sitting in Phoenix, Arizona, and have indicated their unwillingness
3  or reticence to attend a trial in Phoenix, Arizona.")). Insofar as Defendants are arguing
4  that the Court lacks subpoena power to compel a Kingman-based witness to appear in
5  Phoenix, the Court reminds Defendants that Federal Rule of Civil Procedure 45 permits a
6  subpoena to compel a non-party's attendance at a trial more than 100 miles away[3] if two
7  conditions are met: (1) the trial is held within the state where the person resides, is
8  employed, or regularly transacts business in person; and (2) the person would not incur
9  substantial expense." Fed. R. Civ. P. 45(c)(1)–(c)(1)(B)(ii) (West 2014). Consequently,
10 the Court's subpoena power can, in fact, extend to Kingman-based witnesses. Therefore,
11 if the party seeking the witness's attendance has a good faith belief that compelled
12 attendance would not subject that witness to substantial expense or undue burden, then
13 the lawyer may issue a subpoena to compel that witness's attendance.[4] Moreover, in the
14 event that a witness successfully quashes a subpoena or the party seeking attendance
15 believes the subpoena cannot issue because it would subject the witness to substantial
16 expense, the party seeking that witness's attendance may offer a deposition of that
17 witness at trial. Fed. R. Civ. P. 32(a)(4).[5] Consequently, Defendants nonspecific
18 concerns regarding witness availability fail to persuade the Court that the location of the
19 trial should be changed.

20 Accordingly,

21 **IT IS ORDERED** that Defendants' Motion to Change Location of Trial (Doc.

---

[3] The Court notes that both Prescott and Phoenix are more than 100 miles away from Kingman, Arizona.

[4] The Court notes that nothing in this Order shall be construed as a limit on or modification of a person's ability to quash a subpoena compelling his attendance at the Phoenix trial. Upon receipt of any such subpoena, a witness may move to quash the subpoena on the grounds that attending the Phoenix trial would subject the witness to substantial expense or undue burden, or any other permissible ground. Fed. R. Civ. P. 45(d)(3)(A).

[5] Of course, this assumes a deposition of such witness was taken within the discovery deadline.

1. 107) is DENIED.

**IT IS FURTHER ORDERED** that any subpoena compelling a person who lives, works, and transacts business regularly over 100 miles away from Phoenix to attend the Phoenix trial must be served not later than 60 days prior to trial.  A copy of this Order must be served concurrently with any subpoena compelling such person's attendance at the Phoenix trial.

**IT IS FURTHER ORDERED** that any person seeking to quash a subpoena so served must move to do so not later than 50 days prior to trial.  Any person so moving may write directly to the Court and should include the above case number and caption so that the Court may timely consider the motion to quash.

Dated this 16th day of January, 2014.

_____
James A. Teilborg
Senior United States District Judge